**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS TORRES,

       Plaintiff,

vs.                                           Case No._____

MOHAMED GRANA, and
JP GOMEZ TRANSPORT, LLC,

       Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441
BY DEFENDANT JP GOMEZ TRANSPORT, LLC**

COMES NOW Defendant Mohamed Grana ("Grana"), and provides notice that he is removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441. In support of his removal notice, Defendant Grana states as follows:

1. Plaintiff commenced this personal injury action in the Eleventh Judicial District Court, County of McKinley, by filing Plaintiff's "Complaint for Negligence" entitled *CARLOS TORRES, Plaintiff v. MOHAMED GRANA and JP GOMEZ TRANSPORT, LLC, Defendants*, Cause No. D-1113-CV-2022-00086 (hereafter "Complaint") on April 5, 2022. (*See* Plaintiff's Complaint for Negligence ("Complaint"), attached hereto as **Exhibit A**).

2. Plaintiff served Grana with the Complaint on April 18, 2022. (*See* Attorney Affidavit at ¶ 3, attached hereto as **Exhibit B**).

4. Defendant Grana's time to answer or remove with respect to the Complaint has not expired.

5. This Notice of Removal is filed in this Court within thirty (30) days of the service on Defendant Grana of the initial pleading in this case. *See* 28 U.S.C. § 1446(b). The state court in which this action commenced is within this Court's district. As set forth below, this Court has

jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

6. Plaintiff alleges negligence and negligence *per* se on the part of both Defendants. (*See generally* Plaintiff's Complaint, attached hereto as **Exhibit A**).

## DIVERSITY JURISDICTION

7. Plaintiff Carlos Torres is a citizen of the Florida. (*See* Complaint at ¶1, *attached hereto as* **Exhibit A**).

8. Defendant JP Gomez Transport, LLC is a Washington corporation with its principal place of business in Washington. (*See* Complaint at ¶ 3, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 7, *attached hereto as* **Exhibit B;** *WA Secretary of State, JP Gomez Transport, LLC,* Info. Print, *attached hereto as* **Exhibit C**).

9. Defendant Mohamed Grana is a citizen of the State of Washington. (*See* Complaint at ¶2, *attached hereto as* **Exhibit A**; Attorney Affidavit at ¶ 8, *attached hereto as* **Exhibit B**).

10. Complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

11. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. § 1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp,* 50 P.3d, 871, 873 (10 Circ. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability

of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12. Plaintiff seeks recovery for damages related to "significant physical injuries," "serious and irreversible injuries and damages," bodily injuries, physical pain, mental anguish, and emotional distress, medical treatment and expenses, pain and suffering, and other losses. (*See e.g.* Complaint at ¶¶ 17, 21, 27 *attached hereto as* **Exhibit A**). According to the police report resulting from motor vehicle accident that is the subject of Plaintiff's Complaint and information gathered regarding Plaintiff's alleged injuries, the motor vehicle accident was serious enough trap Plaintiff inside his vehicle, requiring emergency personnel to extract him from the vehicle as well as to require Plaintiff to be transported from the scene by ambulance. (*See* police report noting emergency personnel extraction and ambulance transport of Plaintiff, *attached hereto as* **Exhibit D**). Further, medical information provided to Defendant indicates that, as a result of the accident, Plaintiff suffered a fractured shoulder and wrist—requiring surgery and a weeklong stay in the hospital. Given the allegations of the Complaint, the severity of the alleged motor vehicle accident, and Plaintiff's alleged damages and medical treatment, the amount in controversy clearly exceeds $75,000. (*See* Attorney Affidavit at ¶ 6, *attached hereto as* **Exhibit B**).

13. This Notice of Removal is filed in this Court within thirty (30) of the service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(B)(3). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. §1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

14. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. (*See* Attorney Affidavit at ¶ 6, *attached hereto as* **Exhibit B**).

15. Defendant is concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. §1441(b), together with this Notice.

16. Pursuant to D.N.M. LR-CIV 81.1(a), Defendant will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

17. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico. (*See* Complaint at ¶¶ 4-5, *attached hereto as* **Exhibit A**).

18. Defendant JP Gomez Transport, LLC has not yet been served, and is therefore, not required to consent to removal at this time. *See* 28 USC § 1446 (b)(2)(A) ("…all defendants *who have been properly joined and served* must join in or consent to the removal of the action.") (*emphasis added*). However, Defendant JP Gomez Transport, LLC. consents to removal. (*See* Attorney Affidavit at ¶ 14, *attached hereto as* **Exhibit B**).

19. Defendant Mohamed Grana consents to removal. (*See* Attorney Affidavit at ¶ 11, *attached hereto as* **Exhibit B**).

> Respectfully submitted,
> CIVEROLO, GRALOW & HILL, P.A.
> By: */s/ Lance D. Richards, May 16, 2022*
>     Lance D. Richards
>     Lauren R. Wilber
>     *Attorneys for Defendant Mohamed Grana*
>     P.O. Box 93940
>     Albuquerque, NM 87199

(505) 842-8255
richardsl@civerolo.com
wilberl@civerolo.com

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that a true copy of the foregoing *Notice of Removal* was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on May 16, 2022, which caused the following attorneys to be electronically served as follows:

Ricardo F. Roybal
Paul M. Dominguez
2025 Rio Grande Blvd., NW
Albuquerque, NM   87104
Telephone: (505) 850-5854
Facsimile: (505) 796-5107
ricardo@dominguez.law
paul@dominguez.law
*Attorneys for Plaintiffs*

By: */s/ Lance D. Richards, May 16, 2022*
Lance D. Richards
Lauren R. Wilber

5