FILED
11th JUDICIAL DISTRICT COURT
McKinley County
4/5/2022 12:13 PM
WELDON J. NEFF
CLERK OF THE COURT
Michelle Sanchez

STATE OF NEW MEXICO
COUNTY OF McKINLEY
11th JUDICIAL DISTRICT COURT

CARLOS TORRES,

        Plaintiff,

    v.

MOHAMED GRANA, and
JP GOMEZ TRASPORT, LLC,

        Defendants.

Case No.  D-1113-CV-2022-00086

Aragon, Robert A.

## COMPLAINT FOR NEGLIGENCE

COMES NOW the Plaintiff, Carlos Torres, by and through his attorneys of record, DOMINGUEZ LAW FIRM (Paul M. Dominguez and Ricardo F. Roybal), and for his causes of action, states as follows:

### PARTIES AND VENUE

1.    Plaintiff Carlos Torres is a resident of the Deltona, County of Volusia, State of Florida, at all times material to the allegations of this Complaint.

2.    Upon information and belief, Defendant Mohamed Grana is a citizen of Tukwila, Washington, at all times material to the allegations of this Complaint.

3.    Upon information and belief, Defendant JP Gomez Transport, LLC (hereinafter "Defendant JP Transport") is a foreign transportation service with its principal place of business located in Auburn, Washington.

4.    All acts complained of herein occurred near Prewitt, NM, County of McKinley, State of New Mexico.

<div style="color:red; text-align:center;">EXHIBIT A</div>

5.      Jurisdiction and venue are proper with this Court pursuant to NMSA 1978, Section 38-3-1 (1988).

### PLAINTIFF'S STATEMENT OF FACTS

6.      Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

7.      Plaintiff Carlos Torres is thirty-nine (39) years old and a resident of Deltona, Florida.

8.      On May 5, 2019, Plaintiff Torres was a proper and lawful commercial truck driver heading Westbound on Interstate 40 (I-40), near Prewitt, New Mexico, which is in McKinley County.

9.      On the date in question, Plaintiff was operating a yellow freightliner semi-truck towing a white full-length trailer.

10.     On May 5, 2019, Defendant Grana was also driving Westbound on I-40, near Prewitt, New Mexico, McKinley County.

11.     Upon information and belief, Defendant Grana operated a white freightliner semi-truck towing a white full-length trailer, as an employee of Defendant JP Transport.

12.     Upon information and belief, Defendant JP Gomez Transport, LLC is a carrier registered with the United States Department of Transportation (D.O.T. No. 2176768).

13.     In the moments before the collision subject to this Complaint, Plaintiff Torres was driving in the right lane of I-40 keeping a safe distance in the rear, when Defendant Grana suddenly stopped.

14.     Upon seeing Defendant Grana's sudden attempt to brake on the highway, Plaintiff veered left to avoid colliding with Defendant but was unsuccessful.

2

15.     Consequently, Plaintiff Torres collided into the rear of Defendant Grana's semi-truck, lost consciousness, and was rushed to the emergency room due to the injuries he suffered.

16.     Defendant Grana's reckless driving in failing to control his freightliner, safely, and, or properly brake before coming to a complete stop on I-40 while traveling at highway speeds caused Plaintiff to collide with Defendant's semi-truck.

17.     The collision caused property damage to the vehicle and significant physical injuries to Plaintiff Torres.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE AGAINST DEFENDANT GRANA

18.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

19.     The above-stated collision was caused by the recklessness, carelessness, and negligence of Defendant Grana, as an employee of Defendant JP Transport, for that among other acts and omissions the Defendants:

     a.     Failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;

     b.     Failed to keep a proper lookout for other vehicles lawfully upon the road;

     c.     Failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

     d.     In other respects not now known to the Plaintiff but which may become known prior to or at the time of trial.

20.     At the time of the subject collision, there were in force and effect certain New Mexico statutes that may have been violated by Defendant Grana, including but not limited to the following:

     a.     NMSA 1978, § 66-8-114, Careless Driving (1953);

      b.      NMSA 1978, § 66-8-113, Reckless Driving (1987);

      c.      NMSA 1978, § 66-7-325, Turning Movements and Required Signals (1953); and

      d.      NMSA 1978, § 66-7-337, (1953).

21.     As a direct and proximate result of the negligence, recklessness and carelessness of Defendant Grana, Plaintiff Tores:

      a.      suffered bodily injuries, physical pain and mental anguish, and emotional distress;

      b.      was required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

      c.      and, otherwise was hurt, injured and caused to sustain losses.

22.     All injuries suffered by Plaintiff Torres relating to this incident, including all past, present, and future injuries, were due to the negligence of Defendant Grana, as an employee of Defendant JP Transport, without any contributing negligence on the part of Plaintiff.

## SECOND CAUSE OF ACTION:
## RESPONDEAT SUPERIOR AGAINST DEFENDANT JP GOMEZ TRANSPORT, LLC

23.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

24.     At all times material, Defendant Indiana Western Freight employed and/or contracted with Defendant Grana who negligently operated the freightliner semi-truck causing it to collide with Plaintiff's freightliner semi-truck.

25.     At all times material hereto, Defendant Grana was acting within the scope of his employment or agency by Defendant JP Transport when he committed the negligent acts and/or omissions alleged herein.

26.     Defendant JP Transport is liable for the negligent conduct of Defendant Grana, under the doctrine of *respondeat superior.*

27.     As a direct and proximate result of the negligent acts and omissions by Defendant Grana and Defendant JP Transport, Plaintiff Torres sustained serious and irreversible injures and damages. The total damages are all in the amount not presently determinable, but to be proven at the time of trial.

28.     As a direct and proximate result of the negligent acts and omissions of Defendant Grana and Defendant Transport, Plaintiff Torres experienced extreme pain and suffering, mental anguish, and emotional distress.

## THIRD CAUSE OF ACTION:
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

29.      Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

30.     The acts and omissions complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of the Plaintiff, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, that punitive damages or exemplary damages to deter this type of act and omission from occurring in the future may well be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a final judgment in favor of the Plaintiff and against Defendant Grana and Defendant JP Transport in an amount to be proven at the time of trial for all of Plaintiff's damages, compensatory and other, including but not limited to punitive damages, for costs associates with bringing this cause of action, for reasonable attorney fees as

allowed by law, for pre-judgment interest and post-judgment interest, and for such further relief as this Court deems just and proper.

Respectfully submitted,

DOMINGUEZ LAW FIRM

*/s/ Ricardo F. Roybal*
Ricardo F. Roybal
Paul M. Dominguez
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
(505) 850-5854 Telephone
(505) 796-5107 Facsimile
ricardo@dominguez.law
paul@dominguez.law

Dated:  April 5, 2022