IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS TORRES,

    Plaintiff,

v.                                                      Civ. Case No. 22-377 SCY/KK
                                                    (as consolidated with
                                                    22-cv-567 SCY/KK)

MOHAMED GRANA and JP
GOMEZ TRANSPORT, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO AMEND**

These consolidated cases[1] stem from a car accident that occurred on May 5, 2019. Carlos Torres was diving a semi-truck, owned by Emmanuel Trucking, LLP and insured by Great West Casualty Company, westbound on I-40 near Prewitt, New Mexico. Mohamed Grana was also driving a semi-truck, owned by JP Gomez Transport, LLC and insured by Sentry Select Insurance Company, on I-40 at the same location. According to Torres's complaint, Grana suddenly stopped and Torres, who was behind Grana on the interstate, attempted to veer left to avoid a collision but was unsuccessful and collided into the rear of Grana's semi-truck. Doc. 1-1 ¶¶ 13-15. Torres filed suit against Grana and JP Gomez Transport. Doc. 1-1. Emmanuel Trucking and Great West Casualty Company filed a separate suit against Grana, JP Gomez Transport, and Sentry Select Insurance. *Emmanuel Trucking*, Doc. 1-2. The two separate lawsuits, along with the counterclaims and third-party claims in each case, led to the motions

---

[1] The consolidated cases are *Torres v. Grana*, 22-cv-377 SCY/KK ("*Torres* case") and *Emmanuel T. Trucking, LLP v. JP Gomez Transport*, LLC, 22-cv-567 SCY/KK ("*Emmanuel Trucking* case"). The *Torres* case is the lead case and all citations to documents are to the *Torres* case unless indicated otherwise.

presently before the Court: (1) Third-Party Defendant Carlos Torres's and CounterDefendants Emmanuel Trucking and Great West Casualty's Joint Motion to Dismiss Third-Party Complaint and Counterclaims for Failure to Previously State a Compulsory Counterclaim (*Emmanuel Trucking*, Docs. 10, 17, 21); and (2) Defendant JP Gomez Transport's Motion for Leave to File Amended Answer and Counterclaim (Docs. 30, 32, 37). Having reviewed the briefs and the applicable law, the Court denies the motion to dismiss and grants the motion to amend.[2]

## PROCEDURAL HISTORY

On April 5, 2022, Torres filed his lawsuit against Grana and JP Gomez Transport in state court. Doc. 1-1. On May 16, 2022, Defendants removed the case to federal court, Doc. 1, and the same day Grana filed an answer, Doc. 2. On July 1, 2022, JP Gomez Transport filed its answer. Doc. 14. Neither answer included a counterclaim or third-party claim. Thereafter, Sentry Select Insurance (insurer of the truck driven by Grana) moved to intervene and the Court granted that motion. Docs. 31, 39. Sentry Select Insurance then filed its complaint in intervention against Torres, Emmanuel Trucking, and Great West Casualty Company. Doc. 40.

A short time after Torres filed his lawsuit, Emmanuel Trucking (the owner of the truck driven by Torres) and Great West Casualty Company (the insurer) filed, in state court, a separate lawsuit against Grana, JP Gomez Transport, and Sentry Select Insurance Company. *Emmanuel Trucking*, Doc. 1-1 (filed April 29, 2022), Doc. 1-2 (amended complaint, filed May 18, 2022). Sentry Select Insurance removed that case to federal court on August 1, 2022. *Emmanuel Trucking*, Doc. 1. The three Defendants (Grana, JP Gomez Transport, and Sentry Select

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties in both cases consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 7, 19, 21, 22, 34, 35, 36 and *Emmanuel Trucking*, Docs. 27, 29, 31, 32.

Insurance) filed an answer and two Defendants (JP Gomez Transport and Sentry Select Insurance) filed a counterclaim against Emmanuel Trucking and Great West Casualty Company and a third-party complaint against Torres. *Emmanuel Trucking*, Doc. 2.

Torres, Emmanuel Trucking, and Great West Casualty Company (the third-party and counter defendants in *Emmanuel Trucking*) then moved to dismiss the third-party complaint and counterclaim against them, asserting that JP Gomez Transport and Sentry Select Insurance should have filed their compulsory counterclaim in the *Torres* case and, because they did not, the third-party complaint and counterclaim in *Emmanuel Trucking* are barred. *Emmanuel Trucking*, Doc. 10. Around the same time that Grana, JP Gomez Transport, and Sentry Select Insurance filed a response to the *Emmanuel Trucking* motion to dismiss, Doc. 17, JP Gomez Transport filed a motion for leave to file an amended answer and a counterclaim in the *Torres* case, Doc. 30. In that motion, JP Gomez Transport seeks leave to file a counterclaim against Torres and a third-party complaint against Emmanuel Trucking and Great West Casualty Company. After the parties finished briefing both pending motions, they moved to consolidate the cases, Doc. 42, which the Court granted, making *Torres* the lead case, Doc. 43.

In sum, the parties in the two cases stand as follows:

*Torres* case:

| Complaint (Doc. 1-1) | Plaintiff | Defendants | | |
|---|---|---|---|---|
| | Torres | Grana | | |
| | | JP Gomez Transport | | |
| Intervenor Complaint (Doc. 40) | Intervenor | Third-party Defendants | | |
| | Sentry Select Insurance | Torres | | |

3

|  |  | Emmanuel Trucking |  |  |
|---|---|---|---|---|
|  |  | Great West Casualty Co. |  |  |

| **Proposed Counterclaim & Third-Party Complaint (Doc. 30-5)** | **Counter Claimant** | **Counter Defendant** | **Third-Party Plaintiff** | **Third-Party Defendants** |
|---|---|---|---|---|
|  | JP Gomez Transport | Torres | JP Gomez Transport | Emmanuel Trucking |
|  |  |  |  | Great West Casualty Co. |

*Emmanuel Trucking* case:

| **Amended Complaint (Doc. 1-2)** | **Plaintiffs** | **Defendants** |  |  |
|---|---|---|---|---|
|  | Emmanuel Trucking | JP Gomez Transport |  |  |
|  | Great West Casualty Co. | Grana |  |  |
|  |  | Sentry Select Insurance |  |  |

| **Counterclaim & Third-party Complaint (Doc. 2)** | **Counter Claimants** | **Counter Defendants** | **Third-party Plaintiffs** | **Third-party Defendant** |
|---|---|---|---|---|
|  | JP Gomez Transport | Emmanuel Trucking | JP Gomez Transport | Torres |
|  | Sentry Select Insurance | Great West Casualty Co. | Sentry Select Insurance |  |

## DISCUSSION

Because the motion to dismiss and the motion to amend are related and both concern the counterclaims/third-party claims filed by, or to be filed by, JP Gomez and Sentry Select Insurance, the Court will address them together in this Order, starting with the motion to dismiss

4

filed in the *Emmanuel Trucking* case.³ For the purposes of this Order, when the Court uses the term "Plaintiffs," it is referring to Torres, Emmanuel Trucking, and Great West Casualty Company. When the Court uses the term "Defendants," it is referring to JP Gomez Transport and Sentry Select Insurance.⁴

**1. Motion to Dismiss**

Plaintiffs based their motion to dismiss on Federal Rule of Civil Procedure 13's standard for compulsory counterclaims. Rule 13 provides that

> A pleading must state as a counterclaim any claim that--at the time of its service-- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). "Under Rule 13(a), a compulsory counterclaim is barred if not pleaded." *Driver Music Co. v. Com. Union Ins. Companies*, 94 F.3d 1428, 1435 (10th Cir. 1996). Plaintiffs argue that Rule 13 required Defendants to file their compulsory counterclaim in the first-filed case, *Torres*, and "[a]s the Defendants' failed to file a compulsory counterclaim at the time they were required to do so, application of FRCP 13 requires that the counterclaims [in *Emmanuel Trucking*] be dismissed." *Emmanuel Trucking*, Doc. 21 at 4.

---

³ The motion to dismiss, filed in the *Emmanuel Trucking* case, seems to argue that the Court can take judicial notice of the filings in the *Torres* case without converting it to a motion for summary judgment. *Emmanuel Trucking*, Doc. 10 at 4. The Court agrees that it can "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (internal quotation marks and citation omitted). Further, the *Torres* and *Emmanuel Trucking* cases are now consolidated and both cases are presently before the Court so the Court will cross-reference documents filed in both cases.

⁴ The parties report that Grana has settled his personal injury lawsuit (*Emmanuel Trucking*, Doc. 10 at 3), and so he has not filed or proposed any counterclaims/third-party claims. Thus, he is not the subject of the pending motions and the Court does not include him in the "Defendants" group for the purposes of this Order.

> This argument misunderstands the directive of Rule 13(a).
>
> > Despite the impression one might get from the name of the doctrine, no one is 'compelled' to present a compulsory counterclaim. Only a litigant that wants to avoid a later defense of preclusion need do so. The definition of a compulsory counterclaim—a claim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim—mirrors the condition that triggers a defense of claim preclusion (res judicata) if a claim was left out of a prior suit. The aspect of preclusion known as 'merger and bar' prevents the plaintiff in the first suit from later making any claim that arose out of the same transaction but was omitted from the initial suit. Rule 13(a) establishes that a defendant's omission has the same consequences as a plaintiff's.

*U.S. ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F. Supp. 2d 1139, 1171–72 (D.N.M. 2011) (cleaned up). In other words, Defendants were not required to bring a counterclaim in the first-filed lawsuit or be barred from bringing a counterclaim in a later filed lawsuit arising out of the same incident. Instead, failure to bring a compulsory counterclaim in any lawsuit would bar Defendants from later initiating a new lawsuit arising out of the same incident as their missed counterclaim. *See S. Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962) ("The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.").

Plaintiffs fail to cite any authority to establish that Rule 13(a)'s bar of future claims applies to counterclaims or third-party claims. These claims are not separate lawsuits Defendants initiated; instead, they are responses to lawsuits *filed against them*. That is, in the present cases, two different sets of plaintiffs filed two lawsuits against two different sets of defendants over the same car accident. Plaintiffs are essentially arguing that one Defendant's failure to immediately file a counterclaim in one lawsuit (JP Gomez Transport in the *Torres* lawsuit) should bar both Defendants from bringing counterclaims or third-party claims in a separate lawsuit filed against them (JP Gomez Transport and Sentry Select Insurance's counterclaims against Emmanuel Trucking and Great West Casualty Co. and third-party claims against Torres in the *Emmanuel*

*Trucking* case).[5] Plaintiffs cite no authority to support the notion that Rule 13 can act to prevent defendants from defending themselves in each lawsuit filed against them, to include bringing counterclaims against the plaintiffs who have sued them in each case in which those plaintiffs have sued them. The Court declines to conclude that Rule 13 so limits a defendant's ability to defend itself in a lawsuit.

Rule 13 also does not apply in these cases as Plaintiffs allege because the two cases involve different sets of parties. For example, Torres is the only plaintiff in the *Torres* case. Yet, the counterclaim Plaintiffs seek to dismiss in the *Emmanuel Trucking* case is against Emmanuel Trucking and Great West Casualty Company (not named parties in the *Torres* case). Had Defendant JP Gomez Transport filed a counterclaim in *Torres*, the counterclaim could only have been against the one plaintiff, Torres, while Defendants' claims against non-parties Emmanuel Trucking and Great West Casualty Company necessarily would have been third-party claims.[6] Plaintiffs, however, make no argument that such third-party claims are also compulsory. *See* Fed. R. Civ. P. 14(1)(1) ("A defending party *may*, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.") (emphasis added); Fed. R. Civ. P. 14(a)(3) ("The plaintiff *may* assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.") (emphasis added). In other words, no rule required Defendants to attempt to bring claims against Emmanuel Trucking and Great West

---

[5] As discussed below, JP Gomez Transport moved for leave to file an amended third-party complaint and counterclaim in the *Torres* case and Plaintiff Torres opposes it, pointing to this motion to dismiss. Doc. 32.

[6] Indeed, Defendants' proposed counterclaim and third-party complaint in *Torres*, which is the subject of the motion to amend, proposes just that: a counterclaim against Torres and third-party claims against Emmanuel Trucking and Great West Casualty Company. Doc. 30-5.

Casualty Company in the *Torres* lawsuit as opposed to filing counterclaims against them in the *Emmanuel Trucking* lawsuit.

Nonetheless, Plaintiffs argue that "Defendants'" failure to file a counterclaim against Torres in the *Torres* case precludes Defendants from filing third-party complaints against Torres in the *Emmanuel Trucking* case. *Emmanuel Trucking*, Doc. 10 at 7. But one of the Defendants, Sentry Select Insurance, could not have failed to file a counterclaim against Torres in the *Torres* case because Torres never sued it in that case. Sentry Select Insurance (which brings counterclaims/third-party claims in the *Emmanuel Trucking* case), is not a named party to the *Torres* case. Plaintiffs' argument fails to explain how Sentry Select Insurance could assert counterclaims in a case in which it was not a party; *i.e.*, counterclaims against Torres in the *Torres* case. And, Plaintiffs cite no authority for the proposition that Sentry Select Insurance is prohibited from bringing a counterclaim in a lawsuit to which it is a party (the *Emmanuel Trucking* case) when different defendants (like JP Gomez Transport) failed to file a counterclaim in a lawsuit to which Sentry Select Insurance was not a party (the *Torres* case). Further, because Torres brought no claim against Sentry Select Insurance in the lawsuit he filed, he cannot credibly argue that Sentry Select Insurance's failure to bring a counterclaim against him bars Sentry Select Insurance from filing a third-party claim against him in a separate lawsuit.

Similar to their arguments about third-party complaints against Torres, Plaintiffs also assert that "Defendants'" failure to file a counterclaim against Torres in the *Torres* case precludes Defendants from filing counterclaims against Emmanuel Trucking and Great West Casualty Company in the *Emmanuel Trucking* case. Doc. 10 at 7. Plaintiffs reason that the counterclaims against Emmanuel Trucking and Great West Casualty Company in the *Emmanuel Trucking* case are dependent on the third-party claims against Torres and "once the claims

against Mr. Torres are dismissed, the claims against Emmanuel Trucking and Great West Casualty Company are necessarily extinguished." *Id.* The Court need not decide whether the claims against Emmanuel Trucking and Great West Casualty Company are dependent on viable claims against Torres because the Court rejects the premise of Plaintiffs' argument; *i.e.*, the absence of a counterclaim against Torres in the *Torres* case is fatal to the third-party claims against Torres in the *Emmanuel Trucking* case.

As noted above, Plaintiffs' argument regarding Sentry Select Insurance fails because Sentry Select Insurance never had the opportunity to file a counterclaim against Torres. As for JP Gomez Transport, for the reasons stated in Section 2 of this Order, the Court grants JP Gomez Transport's motion to amend to file a counterclaim in the *Torres* case. As a result, the premise of Plaintiffs' argument (that Defendant JP Gomez Transport has no counterclaim against Plaintiff Torres) also fails when applied to JP Gomez Transport. Therefore, the Court rejects Plaintiffs' argument that Defendant JP Gomez Transport's counterclaims against Plaintiffs Emmanuel Trucking and Great West Casualty Company, and third-party claims against Torres in the *Emmanuel Trucking* case, must be dismissed because those claims are dependent on the existence of a counterclaim against Plaintiff Torres in *Torres*. With the granting of Defendant JP Gomez Transport's motion to amend, there is a counterclaim against Torres in *Torres*.

Lastly, Plaintiffs argue that the "purpose of the compulsory counterclaim rule is 'to achieve resolution in a single lawsuit of all disputes arising out of common matters' and that the rule is 'particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.'" *Emmanuel Trucking*, Doc. 10 at 6 (quoting *Slide-a-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 1987-NMSC-018, ¶ 9, 733 P.2d 1316). Plaintiffs allege that "[t]his is exactly what

9

Defendants are attempting to do here. They failed to assert a compulsory counterclaim against Mr. Torres in [the *Torres* case] and are trying to now bring the claim in through the back door by filing a Third-Party Complaint against Mr. Torres in a second action, [the *Emmanuel Trucking* case]." *Emmanuel Trucking*, Doc. 10 at 7.

Plaintiffs' argument that Defendants should not be able to institute a second action fails to recognize that Defendants did not institute a second action. Torres (a member of the Plaintiff group) instituted the first action. Emmanuel Trucking and Great West Casualty Group (also members of the Plaintiff group) instituted the second action. Thus, contrary to Plaintiffs' argument, no Defendant instituted a second lawsuit after failing to bring a compulsory counterclaim in the *Torres* case. To the extent there is duplication of a lawsuit arising out of a common accident, it is the product of Plaintiffs' filing of two separate lawsuits, not the product of Defendants' actions.

For these reasons, the Court denies Plaintiffs' motion to dismiss the third-party and counterclaims (*Emmanuel Trucking*, Doc. 10).

2. **Motion to Amend**

As discussed above, shortly before Defendants filed their response to the motion to dismiss in the *Emmanuel Trucking* case, Defendant JP Gomez Transport filed a Motion for Leave to File Amended Answer and Counterclaim in the *Torres* case, Doc. 30, attaching its proposed amended answer and counterclaim/third-party claim, Doc. 30-5.

"Before the 2009 amendments to the Federal Rules of Civil Procedure, amendments to add omitted counterclaims were generally governed by Rule 13(f). The 2009 amendments abrogated Rule 13(f) based on the view that the rule was redundant with Rule 15(a) and now an amendment to add a counterclaim is governed by Rule 15." *Digital Ally, Inc. v. DragonEye*

*Tech., LLC*, No. 13-CV-2290 CM/TJJ, 2014 WL 2865592, at *3 (D. Kan. June 24, 2014). Under Rule 15(a), a party may amend its pleading (including an answer) once as a matter of course within a set time, after which the party must seek consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court's decision is discretionary. *See Minter*, 451 F.3d at 1204.

Plaintiff Torres opposes the motion to amend. Doc. 32. As explained above related to the motion to dismiss, Plaintiffs argue that Defendants should have filed their compulsory counterclaim in the first-filed *Torres* case but failed to do so and instead improperly filed it in the second-filed *Emmanuel Trucking* case. As such, Plaintiffs moved to dismiss the third-party claim/counterclaim in *Emmanuel Trucking* and, a short time after, Defendant JP Gomez Transport filed the present motion to amend and to add a counterclaim in the *Torres* case. This, Plaintiff Torres argues, is bad faith because JP Gomez Transport is attempting to subvert the purpose of compulsory counterclaims by filing duplicative counterclaims over the same transaction. But, as explained above, duplicative litigation is the product of Plaintiffs' filings (two separate lawsuits) rather than Defendants. The Court, therefore, rejects Plaintiff Torres's argument that granting JP Gomez Transport's motion to amend would improperly duplicate litigation.

The Court also finds that JP Gomez Transport's present motion to amend comes within the deadline set by the Court to move to amend under Rule 15(a)(2) and is otherwise proper.[7] *See* Doc. 24 (setting a deadline of August 22, 2022 for Defendants to seek the Court's leave to amend); Doc. 30 (motion to amend filed August 22, 2022). The Court thus finds no reason to deny the motion to amend and will "freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2).

## CONCLUSION

For these reasons, the Court **DENIES** "Third-Party Defendant Carlos Torres' and Counterdefendants Emmanuel Trucking and Great West Casualty Company's Joint Motion to Dismiss Third-Party Complaint and Counterclaims for Failure to Previously State a Compulsory Counterclaim" (*Emmanuel Trucking*, Doc. 10). The Court further **GRANTS** JP Gomez Transport's Motion for Leave to File Amended Answer and Counterclaim (Doc. 30). Within 7 days of the entry of this Order, JP Gomez Transport shall file its amended answer and counterclaim (currently filed as Doc. 30-5) on the docket.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] Indeed, Plaintiff Torres does not raise any other arguments in opposing the motion to amend, such as timeliness of the motion to amend or undue prejudice.